#1395955 1075-20457

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **TOYOTA TSUSHO PETROLEUM PTE. LTD.** | **CIVIL ACTION: 4:19-cv-1126** |
| **VERSUS** | **JUDGE:** |
| **NUSTAR ENERGY SERVICES, INC.** | **Rule 9(h) – Admiralty** |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes Plaintiff, Toyota Tsusho Petroleum Pte. Ltd. ("TTP"), which files its Complaint and would respectfully show the Court as follows:

## JURISDICTION

1.

This claim arises under the general maritime law of the United States of America, 28 U.S.C. § 1333, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Furthermore, jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity is present and the amount in controversy exceeds $75,000.

## VENUE

2.

Venue is proper here because the contract for the sale of the marine bunker fuel was performed within this District.

**PARTIES**

3.

Plaintiff, Toyota Tsusho Petroleum Pte. Ltd. ("TTP"), is a corporation organized and existing under the laws of Singapore with its office located in Tokyo, Japan.

4.

Made defendant herein is NuStar Energy Services, Inc. ("NuStar"), a corporation organized and existing under the laws of the state of Delaware with its principal office located in Houston, Texas. It can be served through its registered agent CT Corporation System, 1999 Bryan St. Ste. 900 Dallas, Texas 75201-3136.

**NUSTAR'S SALE OF BUNKERS TO TTP**

5.

On or about April 12, 2018, TTP, through its fuel broker, contacted NuStar seeking to purchase intermediate fuel oil ("IFO 380") and marine gas oil, which was to be supplied to the vessel M/V BEATRICE in the Port of Houston, Texas.

6.

NuStar agreed to sell TTP the IFO 380 at a price of $371.00 per metric ton and the marine gas oil at a price of $635 per metric ton, and deliver the marine fuel to the M/V BEATRICE, pursuant to a Sales Agreement issued by NuStar and dated April 12, 2018, which is attached hereto as Exhibit "A."

7.

The Sales Agreement includes NuStar's Terms and Conditions of Sale Marine Fuels, which specify that all fuel oil sold will be "in accordance with the specifications set by ISO 8217: 2010(E)

and conform to regulations 14 and 18 of Annex VI of MARPOL 73/78 unless otherwise noted." Exhibit "A."

8.

The Sales Agreement contains certain warranty provisions regarding the sale of products by NuStar. Specifically, Section 9 of the Terms and Conditions states that "the SELLER [NuStar] warrants only that the Marine Fuel supplied shall conform to the specifications stated in SELLER's signed confirmation document . . . ." Exhibit "A"

9.

On or about April 19, 2018, NuStar sold 840 metric tons of IFO 380 to TTP at a price of $341.00 per metric ton or a total of $311,640.00, plus harbor, security, and barging fees in the amount of $11,049.24. See NuStar Invoice No. 90502259, attached hereto as Exhibit "B."

10.

The 840 metric tons of IFO 380 purchased by TTP was physically supplied to the M/V BEATRICE on April 19, 2018. See NuStar's Marine Fuel Delivery Note, attached hereto as Exhibit "C."

11.

On April 20, 2018, NuStar invoiced TTP a total of $311,640.00 for the IFO 380, plus harbor, security, and barging fees in the amount of $11,049.24. Exhibit "B"

12.

During the bunkering of the M/V BEATRICE, samples of the IFO 380 were collected and sent to a laboratory for testing to ensure they conformed to the agreed upon specifications set out in the Sales Agreement.

13.

The sample of the IFO 380 from the M/V BEATRICE did not meet the specification standards set out in the Sales Agreement and warranted by NuStar, as the calcium, phosphorus and zinc content exceeded the maximum specifications allowed under ISO 8217.

14.

On May 1, 2018, TTP timely provided notice to NuStar that the calcium, phosphorus, and zinc contents of the IFO 380 were above the specified levels under ISO 8217.

15.

Subsequent testing obtained by NuStar at a second laboratory confirmed that the IFO 380 sample did not meet the specifications set forth in ISO 8217.

16.

On May 14, 2018, NuStar's representative, Andy Downs, forwarded the second set of laboratory results to TTP's representative, Tyler Vanchiere, via email. Andy Downs stated in the e-mail as follows: "Please find attached confirming to be off spec. As we previously shared the shore tank was on spec prior to delivery, so this was a surprise to us. We believe there must have been some contamination of the load at the terminal which we are investigating." See e-mail correspondence of May 14, 2018, attached hereto as Exhibit "D."

17.

Due to the failure of the IFO 380 to meet specifications under ISO 8217, the M/V BEATRICE was unable to use the IFO 380 supplied by NuStar, the IFO 380 was required to be removed from the M/V BEATRICE's tank at extra expense, and the M/V BEATRICE was required to obtain new intermediate fuel oil that did meet specifications.

18.

Despite the IFO 380 failing to meet specifications under ISO 8217, TTP timely satisfied in full NuStar's invoice of April 20, 2018.

19.

TTP has not been paid in full for the IFO 380 portion of its own invoice and the owners/operators of the M/V BEATRICE have made claim against TTP for the costs and expenses associated with and arising from the de-bunkering of the IFO 380, which TTP has now satisfied with the owners/operators of the M/V BEATRICE in the amount of $164,484.94.

20.

Because the IFO 380 that did not meet specifications, TTP was able to re-sell the 840 metric tons of IFO 380 supplied by NuStar at only $78.00 per metric ton.

21.

Despite amicable demand, NuStar has not reimbursed TTP for the amount TTP paid NuStar for the IFO 380 or for TTP's additional damages.

**COUNT 1: BREACH OF CONTRACT**

22.

The allegations in Paragraphs 1-21 of the Complaint are incorporated herein by reference as if restated *in extenso*.

23.

NuStar warranted in its Terms and Conditions with TTP that the IFO 380 would conform to the specifications set forth in the Sales Agreement, namely that "All fuel oil supplied is in accordance with the specifications set by ISO 8217: 2010(E)."

24.

The IFO 380 sold by NuStar to TTP did not conform to the ISO 8217: 2010(E) specifications.

25.

NuStar acknowledged via email sent by Andy Downs to TTP on May 14, 2018, that the IFO 380 did not conform to the ISO 8217 specifications.

26.

Because NuStar sold TTP IFO 380 that did not conform to ISO 8217: 2010(E) specifications, NuStar breached its contract with TTP to sell it IFO 380 for supply to the M/V BEATRICE.

27.

TTP suffered the following damages as a result of NuStar's sale of bunkers that did not meet the ISO 8217: 2010(E) specifications including, but not limited to:

(a) Approximately $257,300.00, which represents the amount TTP paid to replace the nonconforming IFO 380 that NuStar sold to TTP, as well as barging, survey, and other fees, minus the sale of the 840 metric tons of non-conforming IFO 380 at $78.00 per ton; and

(b) $164,484.94 in damages claimed by the owners/operators of the M/V BEATRICE against TTP including, but not limited to, additional port charges for the M/V BEATRICE to discharge the non-conforming IFO 380 and load new fuel oil, demurrage, deviation and the increased price of replacement IFO 380, which amount has now been satisfied by TTP.

**COUNT 2: PRODUCTS LIABILITY**

28.

The allegations in Paragraphs 1-27 of the Complaint are incorporated herein by reference as if restated *in extenso*.

29.

TTP pleads in the alternative that NuStar is also liable to indemnify TTP pursuant to the Texas Products Liability Act (Texas Civil Practice and Remedies Code § 82.001 *et seq.*).

30.

In addition to NuStar's failure to reimburse TTP for the non-conforming IFO 380, the owners and/or operators of the M/V BEATRICE have made claims against TTP arising out of the non-conforming IFO 380 supplied to the M/V BEATRICE including, but not limited to, damages incurred to remove the nonconforming IFO 380, damages incurred to replace the non-conforming IFO 380, and other damages as may be further alleged.

31.

Under the Texas Products Liability Act, because the M/V BEATRICE has sought damages from TTP, a seller, for damages caused by nonconforming IFO 380, NuStar must indemnify and hold harmless TTP against the damages caused by the IFO 380 supplied to the M/V BEATRICE, including reasonable expenses, reasonable attorney fees, and any and all reasonable damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the premises considered, Plaintiff, Toyota Tsusho Petroleum Pte. Ltd. prays that a judgment be rendered in its favor and against the Defendant, NuStar Energy Services, Inc. in the following respects:

(1) Finding that NuStar Energy Services, Inc. breached its contract with Toyota Tsusho Petroleum Pte. Ltd. relating to the sale of the non-conforming IFO 380 fuel oil on April 20, 2018, and that NuStar Energy Services, Inc. liable for paying all damages resulting therefrom in the total amount of $421,784.94;

(2) In addition, or in the alternative, finding that NuStar Energy Services, Inc. is liable to indemnify Toyota Tsusho Petroleum Pte. Ltd. for the claims made by the owners and/or operators of the M/V BEATRICE against Toyota Tsusho Petroleum Pte. Ltd. resulting from the supply of the non-conforming IFO 380 fuel oil; and

(3) That Toyota Tsusho Petroleum Pte. Ltd. is entitled to recover all fees, attorney's fees, costs, interest, and other equitable relief as the cause may permit, and any other amount as may be proved herein.

Respectfully submitted,

***/s/ Aaron B. Greenbaum***

Aaron B. Greenbaum, T.A.
TX Bar No. 24110938
SDTX - Federal ID No. 2023921
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com

-and-

Robert E. O'Connor
NY #4899316
**MONTGOMERY, MCCRACKEN, WALKER & RHODES, LLP**
437 Madison Ave, 29th Floor

New York, NY 10022
Telephone (212) 551-7794
Roconnor@mmwr.com
**ATTORNEYS FOR TOYOTA TSUSHO PETROLEUM USA INC.**

(to seek admission pro hac vice)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2019, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

***_/s/ Aaron B. Greenbaum_***